UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE D. BOLING,

        Plaintiff,

v.                                                                    CASE NO. 09-11414
                                                       HONORABLE GERALD E. ROSEN
BERNARD J. KOST,
ANGELA S. COOPER, and
CATHY M. GARRETT,

        Defendants.
_____/

### ORDER DIRECTING PAYMENT OF AN INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS AND ORDER DISMISSING CASE

### I.  The "Three Strikes" Issue

Plaintiff Claude D. Boling is a state prisoner currently housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He has filed a *pro se* complaint under 42 U.S.C. § 1983 and an application for leave to proceed without prepayment of the fees and costs for this action.  Defendants are state court officials employed at the Wayne County Circuit Court in Detroit.  Plaintiff alleges that the defendants have discriminated against him and deprived him of his right of access to the courts by refusing to file a civil complaint against his former criminal attorney for legal malpractice.

Upon receipt of Plaintiff's federal civil rights complaint, this Court performed a litigation search and determined that three of Plaintiff's previous complaints were dismissed as frivolous or for failure to state a claim.  *See Boling v. Hood, et al.*, No. 99-71784 (E.D. Mich. Apr. 30, 1999); *Boling v. Correctional Medical Services, et al.*, No. 08-10043 (E.D. Mich. June 25, 2008); and *Boling v. Garrett*, No. 08-12117 (E.D. Mich. June

30, 2008). Under 28 U.S.C. § 1915(g), which is "popularly known as the 'three strikes' provision," *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998), a prisoner may not proceed without prepayment of the filing fee for a civil rights action if three or more of the prisoner's prior complaints were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] Consequently, on May 4, 2009, the Court ordered Plaintiff to prepay the filing fee for this action or to show cause why his complaint should not be dismissed pursuant to § 1915(g).

Plaintiff alleges in response to the Court's show-cause order that he has never filed a lawsuit against someone named "Hood" and, therefore, the Court erroneously counted *Boling v. Hood, et al.*, No. 99-71784 (E.D. Mich. Apr. 30, 1999), as a "strike." The plaintiff in *Boling v. Hood, et al.*, is listed as "Claude Boling" on the Court's docket sheet, but he was confined at the Wayne County Jail at the time and there is no state prisoner identification number listed on that docket. Consequently, the Court is unable to confirm whether plaintiff Claude Boling in *Boling v. Hood, et al.*, case number 99-71784, is the same person as the plaintiff in this case. The Court therefore will give Plaintiff the benefit of the doubt and assume that he did not file the complaint in case number 99-71784. Thus, Plaintiff does not have three "strikes," and his application to proceed without prepayment of the filing fee for this action [Dkt. #2, Apr. 15, 2009] is **GRANTED**.

### II. Payment of the Filing Fee

Although Plaintiff does not have to prepay the filing fee, he is required to pay the

---

[1] An exception exists if the plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

full filing fee for this action on an installment basis. *See* 28 U.S.C. § 1915(b)(1) and (2). The Court must collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's prison account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. 28 U.S.C. § 1915(b)(1). The initial partial filing fee in this case is $7.00. After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff is **ORDERED** to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee of $350.00. The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee.

### III. Standard of Review

An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), but

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).  The right does not encompass a legal malpractice action.  *Courtemanche v. Gregels*, 79 Fed. Appx. 115, 117 (6th Cir. 2003) (citing *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995)); *see also Sirbaugh v. Young*, 25 Fed. Appx. 266, 268 (6th Cir. 2001) (explaining that the right of access to the courts does not include civil litigation involving something other than "a fundamental human interest such as the termination of parental rights or the ability to obtain a divorce").  The defendants therefore cannot be held liable for allegedly interfering with Plaintiff's right of access to the courts by refusing to file his malpractice complaint.

Plaintiff also claims that the defendants discriminated against him on the basis of his indigence and because he is not an attorney.  The basis for this claim is the defendants' conduct of requiring Plaintiff to pay a partial filing fee for his malpractice complaint and then dismissing his complaint when he failed to pay the partial filing fee.

Michigan's fee-waiver statute, *see* Mich. Comp. Laws § 600.2963, is somewhat similar to the fee provisions of the federal Prison Litigation Reform Act, which the Sixth

4

Circuit Court of Appeals has found to be constitutional. *See Hampton v. Hobbs,* 106 F.3d 1281 (6th Cir. 1997). Michigan's scheme likewise is valid. *Sirbaugh*, 25 Fed. Appx. at 268. Furthermore, the facts as alleged suggest that the defendants were performing quasi-judicial duties when they interpreted § 600.2963 to require a partial filing fee. As court employees performing quasi-judicial duties, the defendants are immune from a suit for money damages. *Bush v. Rauch,* 38 F.3d 842, 847-48 (6th Cir. 1994); *Foster v. Walsh,* 864 F.2d 416, 417-18 (6th Cir. 1988).

### IV.  Conclusion

Plaintiff's claims lack an arguable basis in law. The claims are frivolous, they fail to state a claim for which relief may be granted, and they seek money damages from defendants who are immune from such relief. Accordingly, the complaint is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff may not pursue an appeal without prepaying the appellate filing fee, because the issues are frivolous and an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                    s/Gerald E. Rosen  
                    Chief Judge, United States District Court

Dated:  June 9, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on      June 9, 2009             , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Claude Boling, #191936, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201                                                                                                          .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (313) 234-5137